IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BODE WAYNE MCKAY, §
§
   *Plaintiff,* §     SA-18-CV-01339-ESC
§
vs. §
§
ANDREW SAUL, COMMISSIONER OF §
SOCIAL SECURITY,[1] §
§
   *Defendant.* §

# **ORDER**

  Before the Court is Defendant's Opposed Motion to Remand [#14]. By his motion, the Commissioner requests the Court remand this case to allow the Commissioner to conduct further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The parties agree that Plaintiff timely challenged the legal authority of the Administrative Law Judge ("ALJ") assigned to his case under the Supreme Court's recent decision in *Lucia v. SEC*, --U.S.--, 138 S. Ct. 2044 (2018), arguing the ALJ was not properly appointed under the U.S. Constitution's Appointments Clause. For the reasons that follow, the Court should grant the motion.

  "The Appointments Clause of the Constitution lays out the permissible methods of appointing 'Officers of the United States,' a class of government officials distinct from mere employees." *Lucia*, 138 S. Ct. at 2049 (citing Art. II, § 2, cl. 2). In *Lucia*, the Supreme Court held that ALJs are "Officers of the United States" within the meaning of the Appointments Clause. *Id.* at 2055. The Supreme Court has previously held that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case"

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

is entitled to relief in the form of a new "hearing before a properly appointed" official. *Ryder v. United States*, 515 U.S. 177, 182–183 (1995). In *Lucia*, the Supreme Court clarified that the new official cannot be the improperly appointed official, even if the official has since obtained a constitutional appointment. 138 S. Ct. at 2055. Accordingly, "[t]o cure the constitutional error, another ALJ (or the [executive agency] itself) must hold the new hearing to which [the claimant] is entitled." *Id.*

The Social Security Administration issued a recent ruling on the effect of the *Lucia* decision on cases pending at the Appeals Council in which the claimant has raised a timely challenge to the constitutionality of the appointment of an ALJ. Social Security Ruling ("SSR") 19-1p, 2019 WL 1324866 (S.S.A. Mar. 15, 2019). The Administration directed the Appeals Council, upon remand, to "conduct a new and independent review of the claims file and either remand the case to an ALJ other than the ALJ who issued the decision under review, or issue its own new decision about the claim covering the period before the date of the ALJ's decision." *Id.* at *3.

The Commissioner believes remand is necessary under *Lucia* and Social Security Ruling (SSR) 19-1p. Although Plaintiff agrees with the Commissioner that remand is required, he argues that upon remand the Appeals Council must remand the case to an ALJ and may not issue its own new decision, despite the directive in SSR 19-1p. Plaintiff asks the Court to allow further briefing on the question of the proper remedy for a *Lucia* challenge and to hold oral argument on this issue.

Additional briefing is unnecessary and premature. Plaintiff is requesting that this Court definitively rule that the Appeals Council must remand to an ALJ and may not decide his case itself. Plaintiff has cited no authority in support of this position. And his request is premature:

the case has not yet been remanded to the Appeals Council, which may remand the case to an ALJ and moot the issue Plaintiff wants the Court to decide.

Moreover, *Lucia* itself supports the Commissioner's position.  In *Lucia*, the Supreme Court stated that the cure for the constitutional error of an improper appointment is remand so that a new ALJ ***or the executive agency*** (here the Social Security Administration) itself may hold a new hearing.  138 S. Ct. at 2055 (this Court's own emphasis).  The Social Security Administration interpreted this directive as permitting either a new ALJ hearing or a decision by the Appeals Council, which is a branch of the Administration.  SSR 19-1p, 2019 WL 1324866, at *3–4.

Therefore, based on the parties' agreement that Plaintiff timely challenged the appointment of the ALJ under *Lucia* and that remand is proper in this case, the Court should remand to the Appeals Council.  Nothing in this opinion should be read as precluding Plaintiff from raising his argument that the Appeals Council is prohibited from deciding the case itself on remand if the issue becomes ripe because the Appeals Council chooses not to assign a new ALJ to this case.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion to Remand [#14] is **GRANTED** and this case is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

SIGNED this 21st day of June, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE