IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BODE WAYNE MCKAY, | § § § | |
| *Plaintiff,* | § § | SA-18-CV-01339-DAE |
| vs. | § § | |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| *Defendant.* | § § | |

# **ORDER**

This order concerns Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#20]. By his motion, Plaintiff asks the Court to grant attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action. The EAJA, 28 U.S.C. § 2412, provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust. *Id.*

The record reflects that on June 21, 2019, the Court granted the Commissioner's motion to remand because the ALJ concluding Plaintiff was not disabled was not properly appointed under the U.S. Constitution's Appointments Clause [#19]. Accordingly, the Court remanded this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) under the Supreme Court's decision in *Lucia v. SEC*, --U.S.--, 138 S. Ct. 2044 (2018) [#19].

The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees

1

under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam). Plaintiff maintains that he was the prevailing party in this suit because he sought and obtained a remand through filing this action in federal court by virtue of the Commissioner's decision to cease its defense of the ALJ decision and move for remand.

In support of the instant motion, Plaintiff's counsel has submitted an itemization of the hours he spent representing Plaintiff in this case before the Court. (Ex. 1 [#20-1] at 1–3.) According to Plaintiff, his attorney has spent a total of 23.5 hours on this case at a rate of $184.00 per hour, but only requests compensation for 21.0 hours. (*Id.*) Accordingly, Plaintiff's counsel requests a total award of attorney's fees in the amount of $3,864.00 (21.0 hours x $184.00). (*Id.*)

The Commissioner's response to Plaintiff's motion was due within seven days of the motion's filing, on or before August 4, 2019. *See* Loc. R. CV-7(e) (responses to nondispositive motions due within seven days of motion's filing). To date, the Commissioner has not filed a response to the motion. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed.

Having reviewed the motion and the record in this case, and in light of the lack of opposition on the part of the Commissioner, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case, and the Court will grant Plaintiff's motion for an award of fees in the requested amount of $3,864.00.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#20] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $3,864.00 in attorney's fees made payable to Plaintiff and mailed to Plaintiff's counsel at his address on record.

**IT IS SO ORDERED**.

SIGNED this 6th day of August, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE