IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BODE WAYNE MCKAY, | § § | |
| *Plaintiff,* | § § § | SA-18-CV-01339-ESC |
| vs. | § § | |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| *Defendant.* | § § | |

### ORDER

Before the court in the above-styled cause of action is Plaintiff's Opposed Motion and Brief for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [#22]. By his motion, Plaintiff's counsel, David F. Chermol, asks the Court to award him $9,456.03 out of Plaintiff's past-due benefits award from the Social Security Administration. Having considered the motion and the Commissioner's response [#24], the Court will grant Mr. Chermol's motion.

On June 21, 2019, the Court vacated the Commissioner's decision finding Plaintiff not disabled and remanded this case for further administrative proceedings [#19]. On August 6, 2019, the Court awarded attorney's fees in the amount of $3,864.00 to Plaintiff as a prevailing party under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [#21]. The Social Security Administration ("SSA") issued its final determinations on remand on June 18, 2022, and September 29, 2022, respectively, finding Plaintiff disabled and granting him total past due benefits of $53,280.10 in Disability Insurance Benefits ("DIB") and $41,280.65 in Social Security Insurance ("SSI"). (Ex. A [#21-1], at 1–7; Ex. B. [#21-2], at 1–2.) However, counsel has confirmed that there are no benefits past due for SSI purposes, as the DIB paid out were

1

reduced by the amount of SSI benefits already paid.  (The Commissioner does not dispute this in its Response.)  Thus, there are no excess SSI benefits that could affect fees in this case, and the total amount past due benefits are $53,280.10.

Plaintiff has already been sent a check for 75 percent of the past due benefits.  Mr. Chermol now requests that the Court award him the remaining 25 percent pursuant to Section 2601(b)(1) of the Social Security Act, codified at 42 U.S.C. § 406(b).  The provision states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in excess of 25 percent of the total of the past-due benefits** to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b) (emphasis added).  Twenty-five percent of Plaintiff's past due benefits would be $13,320.03.   Mr. Chermol, however, has reduced this amount by $3,864.00, the amount of the previous EAJA award.  *See Jackson v. Cmm'r of Soc. Sec'y*, 601 F.3d 1268, 1272 (11th Cir. 2010).  Mr. Chermol requests the remaining $9,456.03.

The record reflects that Plaintiff and Mr. Chermol entered into a contingency fee agreement, which provides that Plaintiff will pay Mr. Chermol a fee equal to  25 percent of the past due benefits awarded to Plaintiff.  (Ex. C [#22-3], at 2.)  Time records attached to Mr. Chermol's motion demonstrate that Mr. Chermol spent 23.5 hours on this case at the federal-court level.  (Ex. D. [#22-4].)  Mr. Chermol is only seeking compensation for 21.0 hours of this time.  (*Id.*)  Based on the $13,320.03 in fees, the effective hourly attorney rate is $634.29.  (*Id.*)

In considering a motion for a 406(b) fee award, the Court must decide whether the requested award is reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  An award of 25 percent is considered the ceiling for fees, not an amount that is automatically considered reasonable.  *Id.* at 807.  Where the plaintiff and his or her attorney have entered into a

contingency fee agreement, the Court must review for reasonableness the fees yielded by that agreement and assess whether the fees would result in a windfall for the attorney. *Id*. at 808–09. The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned such that it may be considered a windfall. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). It has noted with approval, however, several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *See id.* at 381–82. While not determinative, the existence of a contingency fee agreement indicates that the plaintiff consented to the agreed upon fee. *Id.*

The Commissioner filed a response to Plaintiff's motion [#24], indicating that she takes no legal position as to the appropriateness or reasonableness of the request for fees, and submits that the requested fee does not appear unreasonable. For the purposes of fee determination, the Commissioner is not a true party in interest; instead, the Commissioner's role is similar to a trustee. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6).

Having reviewed Mr. Chermol's motion, the supporting documentation provided, and the submission by the Commissioner, the Court finds the fee request reasonable. Mr. Chermol provided effective and efficient representation, obtaining a fully favorable result for Plaintiff. Mr. Chermol's resulting effective hourly rate of $634.29 falls within amounts that have been approved by courts as reasonable under similar circumstances. *See, e.g., Sabourin v. Colvin,* No. 3:11-CV-2109-M, 2014 WL 3949506, at *1–2 (N.D. Tex. Aug. 12, 2014) (finding that the "de facto hourly rate of $1,245.55 per hour" did not constitute an unearned windfall but fair

compensation for attorney's fees under § 406(b)); *Prude v. U.S. Comm'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"). Additionally, Mr. Chermol charges a non-contingent hourly rate of $595.00 to his clients, which is consistent with the Department of Justice's Laffey Matrix. The resulting contingent hourly rate requested, which takes into consideration the risk of non-recovery, is reasonable. Finally, the fee request is consistent with the terms of Plaintiff's fee agreement with Mr. Chermol, which indicates her consent to the award.

In summary, the fee award requested by Mr. Chermol is reasonable, and the Court will grant the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion and Brief for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED**.

**IT IS FURTHER ORDERED** that David F. Chermol be awarded $9,456.03 in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. 40b(b), held by the Commissioner for such purposes.

SIGNED this 1st day of November, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE